**William O. McCANN, Plaintiff,**

v.

**CHICAGO, GREAT WESTERN RAIL-
WAY COMPANY, a corporation,
Defendant.**

**Civ. No. 3-60-192.**

United States District Court
D. Minnesota,
Third Division.

March 3, 1961.

Eugene A. Rerat, Harry H. Peterson,
Minneapolis, Minn., for plaintiff.

Stearns & Kampmeyer by Harry S.
Stearns, St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff brings this proceeding for reformation of a release agreement executed by the parties following verdict and judgment in this Court for $85,300 in favor of plaintiff and against defendant. Jurisdiction is established by diversity and the amount in controversy. The facts have to do with the execution of the release and its effect upon the plaintiff's right to complete twenty-four months of additional service in order to qualify for Railroad Retirement benefits.

Plaintiff testified he signed conditionally upon his understanding that the objectionable features of the release would be deleted. At the time plaintiff accepted defendant's payment both parties contemplated moving for a new trial.

The issue before the Court is whether or not there was *a mutual mistake of fact* so that the instrument as written did not fully and truly express the agreement, intention and meaning intended by the parties thereto.

Specifically, plaintiff seeks to remove and delete the following:

"I [William O. McCann]. further agree that for purposes of the Railroad Retirement Act, the Unemployment Insurance Act, and Section 3231(e) of the Internal Revenue Code, all of the payments made herein shall be apportioned to factors of damages other than time lost."

The plaintiff seeks to have the quoted words of the release agreement stricken in order to conform with what plaintiff contends were the intentions of the parties.

The file contents and testimony at trial indicate that plaintiff entered the employ of the defendant about November, 1941, and continued this employment until on or about January 31, 1958, when he was injured while working for the defendant as a freight brakeman. As a result of this accident plaintiff commenced an ac-

tion in this Court to recover damages. A jury trial resulted in a verdict and judgment for plaintiff in the amount of $85,-300.

During the entire 210 months of plaintiff's said employment, defendant, pursuant to the provisions of the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq., deducted sums from plaintiff's earnings and paid such sums to the Railroad Retirement Board for retirement purposes and withholding under the Railroad Retirement Insurance Act.

Plaintiff contends that:

1. Pursuant to the verdict and judgment for $85,300 defendant offered to pay plaintiff the amount of the judgment with the understanding and agreement that of the said $85,300, $480 would be apportioned to time lost and the balance to factors other than time lost in order to enable plaintiff to acquire the 234 months of service required to entitle him to a disability annuity.

2. This amount was to be apportioned to the factor of time lost at the rate of $20 per month with the understanding that plaintiff was to pay defendant 12½% and a 3% deduction under the said Insurance Act on the $480 so allocated, amounting to $74.40, which allocation was made by plaintiff on prepared forms furnished him by defendant for such purposes.

3. When said amount was tendered, defendant refused to accept it for transmittal to the Railroad Retirement Board.

Defendant is in agreement with most of the contentions of plaintiff except as to that part having to do with the apportionment agreement, defendant claiming no such agreement was ever entered into. Defendant further denies that it ever furnished plaintiff with a printed form for such purposes.

At trial plaintiff testified that he read the release before signing it, that his attorney had explained it to him and that he fully understood its terms. Resort to the release confirms this. His attorney by signature thereto makes this clear. Two associate counsel for plaintiff attached their signatures as witnesses to counsel's explanation and execution.

Defendant's witness, who served as counsel for defendant at the trial of the instant case and who also represented defendant in the negotiations relative to the delivery of the check and execution of the release agreement, denied that apportionment had ever been discussed in negotiations leading to settlement. Defendant's counsel admitted that he did not read the release agreement but stated that he had no authority to remake the agreement in the respect herein claimed by plaintiff.

 This action to reform a written instrument is an equitable action and Minnesota law is applicable thereto.[1] It is well established law that in an action of this nature " * * * there is a presumption arising from the instrument itself that it sets forth fully and correctly the true agreement of the parties."[2] Consequently a higher degree of proof is required and relief will not be granted on a mere preponderance of the evidence.[3]

 Plaintiff's claim for relief is based solely on his allegation of mutual mistake. Necessarily, it must be mutual. No allegations are made as to fraud or inequitable conduct on the part of the defendant. Therefore, it is incumbent upon the plaintiff to assume the burden of proving to the requisite degree as outlined herein that the mistake, if any, was mutual. It is not sufficient to prove only a unilateral mistake. It must be bilateral.[4]

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

2. 45 Am.Jur., Reformation of Instruments, Sec. 112.

3. Crookston Imp. Co. v. Marshall, 57 Minn. 333, 59 N.W. 294; 5 Dunnell's Minnesota Digest, Sec. 8347.

4. Karger v. Wangerin, 230 Minn. 110, 40 N.W.2d 846; Farmer's Store of Wheaton v. Delaware Mut. Fire Ins. Co., 240 Minn. 170, 59 N.W.2d 889; Glaser v. Alexander, 247 Minn. 130, 76 N.W.2d 682; Mosiman v. Rapacz, 250 Minn. 464,

█ The circumstances attendant upon the signing of the agreement, while somewhat unusual, do not reveal any irregularities which would justify reformation.[5] Plaintiff is an unusually intelligent man. Elevated to official position by defendant, he was in line for advancement to the heights of corporate management. He sought return to work more humble in nature. His experience, intelligence and ability were outstanding. He accepted the check in payment for the release, fully cognizant of the objectionable retirement clause present therein. This, coupled with representation by outstanding plaintiff lawyers throughout, makes impossible any other conclusion than that mutual mistake is so lacking as to preclude finding that plaintiff has carried his required burden of proof. The attorneys for both parties were and are experienced lawyers of recognized ability in the trial of actions arising out of personal injury involving railroads. They have met on opposite sides of the counsel table on numerous occasions. Their good faith in dealing with each other is beyond question or doubt. There is no proof that defendant perpetrated fraud or did anything it did not intend to do so as to come within the exception to mutuality.[6] It is the opinion of this Court that plaintiff has failed to sustain the required burden of proof.[7] Therefore, the relief sought must be, and the same is, hereby denied.

Defendant may submit findings of fact, conclusions of law and order for judgment.

It is so ordered.

Plaintiff may have an exception.

84 N.W.2d 898; Northern Pac. Ry. Co. v. United States, D.C.Minn., 70 F.Supp. 836; 5 Dunnell, supra, Sec. 8329.

5. Testimony revealed the check was delivered about 1:30 a. m. by counsel for defendant to the home of one of associate counsel for plaintiff after the latter had been aroused from his bed. The

latter at the same time delivered the release agreement to the former.

6. 5 Dunnell, supra, Sec. 8329. If the proof shows the mutual mistake to be one of fact, then only does equity interfere to compel execution of the agreement actually made.

